UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

LIVIA M. SCOTTO and CONCETTA SCOTTO,

                    Plaintiffs,

         v.

MAIMONIDES HOSPITAL, DR. JASON J.
JARMILLIONO, DR. PARIS, DR. HEACHT, and
DR. JOSHUA KIRSCHSTEIN,

                    Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-2821 (MKB)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Livia M. Scotto and Concetta Scotto, proceeding *pro se*, commenced the above-captioned action on May 3, 2019, against Defendants. (Compl., Docket Entry No. 1.) The Court grants Plaintiff Livia M. Scotto's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum and Order.[1] For the reasons set forth below, the Court dismisses the Complaint.

**I. Background**

      The Complaint consists entirely of a cover page and excerpts from the Restatement of Law of the American Law Institute. (*See generally* Compl.) Plaintiff's only allegation is that, on April 11, 2019, at Maimonides Hospital, there was a "fall on premises, medical malpractice, denial of treatment, cause of cardiac arrest, failure to diagnose, drug contraindications, overdose, and other harms," but does not specify who caused the harm, who suffered the harm, or provide

---

      [1] The Court declines to grant Concetta Scotto's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and to consider any claims on her behalf because Livia M. Scotto rather than Concetta Scotto signed the application and the Complaint, and, as discussed below, Livia M. Scotto is a non-attorney and therefore cannot represent Concetta Scotto.

any coherent factual allegations. (*Id*. at 4.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff Livia M. Scotto cannot represent Concetta Scotto

Plaintiff alleges medical malpractice, denial of treatment, and other harms at Maimonides Hospital on April 11, 2019, but fails to state who suffered the alleged harms, and fails to raise any allegations against the named Defendants. To the extent that Plaintiff is seeking to represent Concetta Scotto in this action, she cannot do so. Although federal law allows parties a statutory

right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). Therefore, because Concetta Scotto did not sign the Complaint, the Court dismisses without prejudice any claims on behalf of Concetta Scotto.

### c. Plaintiff fails to state a claim

The Court dismisses the Complaint because it is incoherent and incomprehensible and fails to state any facts against the Defendants — there are no concrete allegations in the Complaint against any of the named Defendants.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that "[e]ach averment of a pleading shall be simple, concise, and direct," Fed. R. Civ. P. 8(e)(1). Dismissal of a complaint is appropriate where the complaint is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Even under the most liberal reading of the Complaint, the Court cannot discern any legally cognizable harm that Plaintiff suffered at Maimonides Hospital on April 11, 2019. (Compl. 4.) *See Trice v. Onondaga Cty. Justice Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal where the plaintiff's second amended complaint was "incomprehensible, incomplete and technically deficient, consisting of one, rambling paragraph" and "containing over 550 lines . . . [of] incoherent allegations"). Accordingly, the Court

3

dismisses the Complaint.

      **d. Leave to amend**

In light of Plaintiff's *pro se* status, and in abundance of caution, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. Should Plaintiff elect to file an amended complaint, she must plead sufficient and coherent facts to plausibly state a claim upon which relief may be granted. The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure as it must "plead enough facts to state a claim to relief that is plausible on its face," *Twombly,* 550 U.S. at 570, and it must identify defendants who personally caused her harm and the damages Plaintiff suffered. Plaintiff must identify the defendants in both the caption and the body of the amended complaint and provide the dates and locations for each relevant event.

Plaintiff is advised that the amended complaint will completely replace the Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order.

## III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint but grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. The Court denies Plaintiff's application for *pro bono* counsel. The Clerk of Court is directed to amend the caption to reflect that Livia M. Scotto is the sole Plaintiff. Any claims on behalf of Concetta Scotto are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45

(1962).

Dated: July 26, 2019
       Brooklyn, New York

                                        SO ORDERED:

                                             s/ MKB            
                                      MARGO K. BRODIE
                                      United States District Judge